**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

*Attorneys for Plaintiff*

| | |
|---|---|
| Emanuel Luis,<br><br>                    *Plaintiff,*<br><br>         - *vs.* -<br><br>Ricuras Ecuadorian Bakery Corp.,<br>Cosby Ramos Landa and Israel<br>Escamilla Cruz,<br><br>                    *Defendants.* | DOCKET NO. 1:25-cv-00853<br><br><br>**COMPLAINT** |

Plaintiff Emanuel Luis, by and through his undersigned attorneys, for his complaint against defendants Ricuras Ecuadorian Bakery Corp., Cosby Ramos Landa and Israel Escamilla Cruz alleges as follows:

## NATURE OF THE ACTION

1.   Plaintiff Emanuel Luis (hereinafter referred to as "Plaintiff"), former employer of defendants Ricuras Ecuadorian Bakery Corp., Cosby Ramos Landa and Israel Escamilla Cruz (hereinafter collectively referred to as "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), allege that they are entitled to recover from Defendants, jointly and severally: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages for overtime work for which Plaintiff did not

2

receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendants' violations were willful  and lacked a good faith basis.

2.    Plaintiff further complains that he is entitled to recover from Defendants: (i) compensation for wages paid at less than the statutory minimum wage, (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay, as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department  of Labor regulations; (iii) compensation for the Defendants' violations of the "spread of hours" requirements of the NYLL; (iv) liquidated damages pursuant to the NYLL for  these violations; and (v) statutory damages for the Defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.    Plaintiff Emanuel Luis is an adult individual residing in Bronx, New York.

4.    Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5.    At all times relevant herein, defendant Ricuras Ecuadorian Bakery Corp. has been a domestic business corporation organized under the law of the State of New York with a registered principal place of business at 1576 Watson Ave, Bronx, NY 10472.

6.    At all times relevant herein, defendant Ricuras Ecuadorian Bakery Corp. has been and continued to be an employer engaged in interstate commerce and/or the production of goods for commerce within

the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, defendant Ricuras Ecuadorian Bakery Corp. has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, defendant Ricuras Ecuadorian Bakery Corp. has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

9. At all times relevant herein, defendant Cosby Ramos Landa is/was an owner or part owner and principal of Ricuras Ecuadorian Bakery Corp., who has the power to hire and fire employees, set wages and schedules, and maintain their records, including Plaintiff.

10. At all times relevant herein, defendant Cosby Ramos Landa was involved in the day-to-day operations of Ricuras Ecuadorian Bakery Corp., and played an active role in managing its business, including managing and supervising Plaintiff.

11. At all times relevant herein, defendant Israel Escamilla Cruz is/was an owner or part owner and principal of Ricuras Ecuadorian Bakery Corp., who has the power to hire and fire employees, set wages and schedules, and maintain their records, including Plaintiff.

12. At all times relevant herein, defendant Israel Escamilla Cruz was involved in the day-to-day operations of Ricuras Ecuadorian Bakery Corp., and played an active role in managing its business, including managing and supervising Plaintiff.

13. At all relevant times herein, Defendants each constituted

4

an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and the Defendants' business is located in this judicial district.

## FACTS

16.    At all relevant times herein, defendants Ricuras Ecuadorian Bakery Corp., Cosby Ramos Landa and Israel Escamilla Cruz, owned and operated a restaurant located at 1576 Watson Ave, Bronx, NY 10472, under the name Ricuras Ecuadorian Bakery.

17.    The Plaintiff was employed at Ricuras Ecuadorian Bakery from approximately August 11, 2021, to December 22, 2024, as a dishwasher, delivery man, and after a while he started also helping the cooks.

18.    Plaintiff's work for Defendants at Ricuras Ecuadorian Bakery was performed in the normal course of Defendants' business, was integrated into their business, and did not involve executive or administrative responsibilities.

19. At all relevant times herein while employed by Defendants at Ricuras Ecuadorian Bakery, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

20. From August 11, 2021, to July 2023, Plaintiff worked for Defendants at Ricuras Ecuadorian Bakery a regular schedule of six days per week as follows. On Monday and Thursday, he worked from 10:00 a.m. to 8:00 p.m.; on Tuesday from 6:00 a.m. to 8:00 p.m.; on Friday and Saturday from 10:00 a.m. to 10:00 p.m.; on Sunday from 9:00 a.m. to 10:00 p.m.; with Wednesday off.

21. Consequently, from August 11, 2021, to July 2023, Plaintiff was typically working at Ricuras Ecuadorian Bakery, 69 hours per week.

22. From July 2023 to December 22, 2024, Plaintiff worked for Defendants at Ricuras Ecuadorian Bakery a regular schedule of six days per week as follows. On Monday, he worked from 10:00 a.m. to 9:00 p.m.; on Tuesday from 6:00 a.m. to 8:00 p.m.; on Thursday from 10:00 a.m. to 8:00 p.m.; on Friday and Saturday from 10:00 a.m. to 10:00 p.m.; and on Sunday from 10:00 a.m. to 12:00 a.m.; with Wednesday off.

23. Consequently, from July 2023 December 22, 2024, Plaintiff was typically working at Ricuras Ecuadorian Bakery, 73 hours per week.

24. During his employment by Defendants at Ricuras Ecuadorian Bakery, Plaintiff was paid weekly in cash as follows. From August 11, 2021, to August 2022, he was paid at the rate of $13 per hour; from August 2022 to August 2023, he was paid at the rate of $14 per hour;

6

from August 2023 to August 2024, he was paid at the rate of $15 per hour; and from August 2024 till the end of his employment on December 22, 2024, he was paid at the rate of $16 per hour.

25. Throughout his employment with Defendants, Plaintiff received no pay stubs or wage statements.

26. As a result, upon information and belief, Plaintiff's effective hourly rates of pay throughout his employment by Defendants were below the statutory New York City minimum wage in effect at relevant times.

27. Defendants' failure to pay Plaintiff an amount at least equal to the New York State minimum wage in effect during relevant time periods was willful and lacked a good faith basis.

28. In addition, Defendants failed to pay Plaintiff overtime compensation for all of the additional hours he worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

29. Defendants' failure to pay Plaintiff the overtime bonus for additional overtime hours he worked was willful and lacked a good faith basis.

30. Defendants also failed to pay Plaintiff an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium") during his employment at Ricuras Ecuadorian Bakery.

31. Defendants' failure to pay Plaintiff the spread-of-hours premium for each day he worked a shift lasting in excess of ten hours

7

from start to finish was willful and lacked a good faith basis.

32.     Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act - including, inter alia, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed - and failed to obtain Plaintiff's signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

33.     Defendants failed to provide Plaintiff with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

34.     Upon information and belief, throughout Plaintiffs' employment with Defendants, Defendants failed to maintain accurate and sufficient time records and/or provide these records to Plaintiff.

35.     Upon information and belief, throughout Plaintiffs' employment with Defendants, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

### COUNT I
### (New York Labor Law - Minimum Wage)

36.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

37.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

38.     Defendants willfully violated Plaintiff's rights by failing

to pay Plaintiff his compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

39.    Defendants' failure to pay Plaintiff his compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

40.    Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II
## (Fair Labor Standards Act - Overtime)

41.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

42.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

43.    At all relevant times, Defendants failed to pay Plaintiff overtime compensation for each of the hours he worked in excess of forty hours per workweek.

44.    As a result of the Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for each hour of work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the

9

FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

45. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

46. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT III
### (New York Labor Law - Overtime)

47. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

49. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

50. Defendants' failure to pay Plaintiff overtime compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

51. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys'

fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV
### (NEW YORK LABOR LAW – SPREAD OF HOURS)

52. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 142-2.4.

55. Defendants' failure to pay Plaintiff the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

56. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §§ 198 and 663(1).

## COUNT V
### (New York Labor Law – Wage Theft Prevention Act)

57. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times herein, Plaintiff was employed by

11

Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

59. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter, causing harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium.

60. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment, causing harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium.

61. Due to the Defendants' New York Labor Law violations relating to the failure to provide Plaintiff with the paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day, for each day of his employment by Defendants, up to the maximum statutory damages.

62. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day for each day of his employment by Defendants, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained

12

of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d.  Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

e.  Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

f.  An award of liquidated damages as a result of the Defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

g.  Liquidated damages for the Defendants' New York Labor Law violations;

h.  Statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

i.  Back pay;

j.  Punitive damages;

1.  An award of prejudgment and postjudgment interest;

13

m.    An award of costs and expenses of this action together

with reasonable attorneys' and expert fees; and

n.    Such other, further, and different relief as this

Court deems just and proper.


Dated: January 29, 2025

/s/ Michael Samuel

Michael Samuel (MS 7997)

THE SAMUEL LAW FIRM
1441 Broadway - Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiff

14