UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF NEW YORK

------------------------------------------------------------  X
                                                              :
EMANUEL LUIS ,                                                :

Plaintiff                                                     :                         ۱

                                                              :     Civ Action 1:25-civ 00853
                    v.                                        :     (JAV)
                                                              :

                                                              :     Answer of All Defendants
RICURAS EDUADORIAN BAKERY CORP., COSBY                         :
RAMOS LANDA AND ISRAEL ESCAMILLA CRUZ ,                        :

Defendants
------------------------------------------------------------  X

RICURAS EDUADORIAN BAKERY CORP. ("BAKERY"), COSBY RAMOS

LANDA ("LANDA") AND ISRAEL ESCAMILLA CRUZ ("CRUZ")  (Defendants), by and

through their attorneys Evan J. Spelfogel and Phillips Nizer LLP, answer the complaint upon

knowledge to themselves and upon information and belief as to all other matters as follows:

1.     Deny the allegations in Paragraph 1.

2.     Deny the allegations in Paragraph 2.

3.     Deny knowledge or information sufficient to form a belief as to the truth or falsity
of the allegations in Paragraph  3.

4.     Deny knowledge or information sufficient to form a belief as to the truth or falsity
of the allegations in Paragraph  4.

5.     Deny  the allegations in Paragraph 5 and assert that Bakery did not commence
operations until April, 2023.

6.     Deny  the allegations in Paragraph 6 and assert that Bakery did not commence
operations until April, 2023.

3577838.3

7.    Deny  the allegations in Paragraph 7 and assert that Bakery did not commence operations until April, 2023.

8.    Deny  the allegations in Paragraph 8 and assert that Bakery did not commence operations until April, 2023.

9.    Deny the allegations in Paragraph 9.

10.    Deny  the allegations in Paragraph 10.

11.    Deny  the allegations in Paragraph 11 except admit those allegations with respect to the time since on or after April 2023.

12.    Deny  the allegations in Paragraph 12 except admit those allegations with respect to the time since on or after April 2023.

13.    Deny the allegations in Paragraph 13.

14.    Admit the allegations in Paragraph 14.

15.    Admit the allegations in Paragraph 15.

16.    Deny  the allegations in Paragraph 16.

17.    Deny the allegations in Paragraph 17 except admit those allegations with respect to the time period from April 2023 to December 2024.

18.    Admit the allegations in Paragraph 18.

19.    Admit  the allegations in Paragraph 19.

20.    Deny  the allegations in Paragraph 20.

21.    Deny the allegations in Paragraph 21.

22.    Deny  the allegations in Paragraph 22.

23.    Deny the allegations in Paragraph 23.

24.    Deny the allegations in Paragraph 24.

25.    Deny  the allegations in Paragraph 25.

26.    Deny the allegations in Paragraph 26.

27.    Deny the allegations in Paragraph 27.

28.    Deny the allegations in Paragraph 28.

29.    Deny  the allegations in Paragraph 29.

30.    Deny  the allegations in Paragraph 30.

31.    Deny  the allegations in Paragraph 31.

32.    Deny  the allegations in Paragraph 32.

33.    Deny the allegations in Paragraph 33.

34.    Deny  the allegations in Paragraph 34.

35.    Deny the allegations in Paragraph 35.

36.    Defendants repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

37.    Deny the allegations in Paragraph 37.

38.    Deny  the allegations in Paragraph 38.

39.    Deny the allegations in Paragraph 39.

40.    Deny the allegations in Paragraph 40.

41.     Defendants repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein. .

42.    Deny  the allegations in Paragraph 42.

43.    Deny  the allegations in Paragraph 43.

44.    Deny the allegations in Paragraph 44.

45.    Deny the allegations in Paragraph 45.

46.    Deny the allegations in Paragraph 46.

3

3577838.3

47.  Defendants repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

48. Deny the allegations in Paragraph 48.

49. Deny the allegations in Paragraph 49.

50. Deny the allegations in Paragraph 50.

51. Deny  the allegations in Paragraph 51.

52. Defendants repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

53. Deny the allegations in Paragraph 53.

54. Deny the allegations in Paragraph 54.

55. Deny the allegations in Paragraph 55.

56. Deny the allegations in Paragraph 56.

57. Defendants repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein...

58. Deny the allegations in Paragraph 58.

59. Deny the allegations in Paragraph 59.

60. Deny the allegations in Paragraph 60.

61. Deny the allegations in Paragraph 61.

62. Deny the allegations in Paragraph 62.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

63. Defendants have acted in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and interpretations of the New York State Department of Labor ("DOL") and the Administrator of the Wage and Hour

4

Division of the U.S. Department of Labor, or administrative practices or enforcement policies of said DOL and Administrator and, accordingly, the action is barred under relevant law.

## SECOND DEFENSE

64. Defendants have made payment to plaintiff of all sums due under the FLSA and the NYLL and the regulations and rulings thereunder.

## THIRD DEFENSE

65. Defendants did not willfully violate federal or state law.

## FOURTH DEFENSE

66. The Complaint is barred in whole or in part by the statute of limitations.

## FIFTH DEFENSE

67. Defendants paid plaintiff in full accord with the Portal to Portal Act, 29 USC Chapter 9.

## SIXTH DEFENSE

68. The Complaint fails, in whole or in part, to state a claim upon which relief may granted.

## SEVENTH DEFENSE

69. The Complaint fails to state a cause of action pursuant to the New York Labor Law, N.Y. Lab. Law §§ 190, *et seq.*, § 650 *et seq.*, or the supporting New York State Department of Labor Regulations, Part 142 of Title 12 of the New York Codes, Rules and Regulations.

5

3577838.3

## EIGHTH DEFENSE

70. Plaintiff's claims are barred, in whole or in part, because Defendants did not violate Section 191(1)(a) of the New York Labor Law, and as a result this action should be dismissed.

## NINTH DEFENSE

71. Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled, in whole or in part, to the damages sought in the Complaint.

## TENTH DEFENSE

72. Plaintiff's claims are barred as Plaintiff has been fully compensated for all hours worked and all wages due and owing from Defendants have been paid to Plaintiff, and, to the extent Plaintiff can show damages are due and owing, which is denied, such damages are *de minimis* and, therefore, not recoverable under the New York Labor Law.

## ELEVENTH DEFENSE

73. The Complaint fails to state a claim for a willful violation of the New York Labor Law, as the Defendants did not act in a willful, wanton, reckless and/or malicious manner, or with reckless disregard of the New York Labor Law, at any time relevant to the Complaint.

## TWELFTH DEFENSE

74. Plaintiff's claims for liquidated damages under the New York Labor Law are barred, in whole or in part, because any acts or omissions of Defendants giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the New York Labor Law.

6

3577838.3

## THIRTEENTH DEFENSE

75. Plaintiff's claims are barred, in whole or in part, because the Defendants at all times acted in good faith towards the Plaintiff with reasonable belief that its actions and/or omissions complied with state laws, and at no time willfully violated any of the laws pursuant to which the Plaintiff bring the instant action or any rights that may be secured to Plaintiff under any state or local laws, rules or regulations.

## FOURTEENTH DEFENSE

76. Plaintiff's claims are barred, in whole or in part, because the interests asserted by Plaintiff do not constitute protectable interests as a matter of law.

## FIFTEENTH DEFENSE

77. Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel, unjust enrichment, waiver, avoidable consequences, laches and/or unclean hands.

## SIXTEENTH DEFENSE

78. Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state facts sufficient to entitle Plaintiff to an award of attorneys' fees.

## SEVENTEENTH DEFENSE

79. Plaintiff's claims are barred, in whole or in part, because the Defendants properly paid wages and overtime to Plaintiff for all hours worked in compliance with the New York Labor Law.

## EIGHTEENTH DEFENSE

80. Defendants paid Plaintiff in excess of New York State minimum wage for all hours worked up to forty each week. For any hours worked in excess of forty each week,

7

Defendants paid Plaintiff an overtime rate in excess of the requisite time-and-one-half of the minimum wage rate.

### NINETEENTH DEFENSE

81. Plaintiff's claims may be barred to the extent that Plaintiff did not complain of the alleged New York Labor Law violations to Defendants and/or give Defendants the opportunity to correct the alleged violations.

### TWENTIETH DEFENSE

82. The Complaint fails to state a claim upon which prejudgment interest may be granted. Further, said request for prejudgment interest is duplicative of Plaintiff's claims for liquidated damages.

### TWENTY-FIRST DEFENSE

83. Plaintiff's claims may be barred to the extent that he has failed to exercise reasonable care to avoid, minimize and/or mitigate his damages, if any, and accordingly Plaintiff's right to recover against Defendants should be reduced and/or eliminated.

### TWENTY-SECOND DEFENSE

84. The damages claimed by Plaintiff are barred to the extent they are speculative in nature.

### TWENTY-THIRD DEFENSE

85. The claims of Plaintiff may be barred by payment, setoff, and/or accord and satisfaction.

### TWENTY-FOURTH DEFENSE

86. Plaintiff is not entitled to any declaratory, injunctive or other equitable relief as he has an equitable remedy at law.

8

3577838.3

## TWENTY-FIFTH DEFENSE

87. Plaintiff did not sustain any damages as a result of any alleged acts or omissions of Defendants.

## TWENTY-SIXTH DEFENSE

88. Defendanst reserve the right to assert and allege any other defenses which have not yet been asserted by reason of lack of knowledge of the facts pertaining to Plaintiff's claims and/or may subsequently become or may appear applicable to some or all of Plaintiff's claims.

**WHEREFORE**, defendants demand judgment dismissing the Complaint with prejudice, awarding them the costs of this action, and granting such other relief as the Court may deem just and proper.

New York, New York
March 14, 2025

PHILLIPS NIZER LLP
By   /s/ Evan J. Spelfogel
:
_____
Evan J. Spelfogel
485 Lexington Avenue, 14th Floor
New York, New York  10017
Phone:  (212) 841-0539
Email: espelfogel@phillipsnizer.com
*Attorneys for Defendants*

TO:
The Samuel Law Firm
Michael Samuel
1441 Broadway, Ste 6085
New York, NY 10018

Phone: (212) 563-9884
Email:
michael@thesamuellawfirm.com*Attorn eys for Plaintiff*

9

3577838.3